Citation Nr: 21049967
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 17-07 304
DATE: August 13, 2021

REMANDED

Entitlement to service connection for a right shoulder disability is remanded.

Entitlement to service connection for a back disability is remanded.

Entitlement to service connection for an abdominal aortic aneurysm, to include as secondary to service-connected coronary artery disease, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from May 1955 to May 1975.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2015 rating decision. In May 2021, the Veteran testified before the undersigned Veterans Law Judge at a videoconference hearing. A transcript of the hearing is of record. 

1. Entitlement to service connection for a right shoulder disability is remanded.

2. Entitlement to service connection for a low back disability is remanded.

The Veteran contends that his current right shoulder and low back disabilities are related to service. He contends that he was a special equipment specialist, that his back started hurting because of all the heavy lifting, and that his right shoulder condition has to do with the heavy lifting required to do his job during service. See November 2015 VA examination reports. 

The record indicates that the Veteran has current right shoulder and low back disabilities. Specifically the record notes a diagnosis of right shoulder strain, with rotator cuff repair in June 2010, and diagnostic imaging shows that he has multilevel degenerative disc disease and lumbar spondylosis. See July 2011 and September 2011 private treatment records; see also November 2015 VA examination reports. The Veteran's service treatment records also document care for "low back syndrome" on March 15, 1965, and for right shoulder bursitis on July 28, 1972.

A November 2015 VA examiner opined against relationships between the Veteran's service and his lumbar spine and right shoulder disabilities. The opinions were based largely on a time-gap between discharge and documented care for the current disabilities. The opinions do not adequately address the Veteran's contention that his duties as a special equipment specialist for 20 years during active duty played a role in the development of his post-service diagnoses. On remand, new opinions should be obtained fully addressing the key medical question at issue.

While on remand, the agency of original jurisdiction (AOJ) should associate any updated VA treatment records with the Veteran's claims file and request that he identify or submit any outstanding private treatment records referable to such claims.

3. Entitlement to service connection for an abdominal aortic aneurysm, to include as secondary to service-connected coronary artery disease is remanded.

To date, the Veteran has not undergone a VA examination regarding his claim of entitlement to service connection for an abdominal aortic aneurysm secondary to his service-connected coronary artery disease. 

The Veteran has a documented abdominal aortic aneurysm for which he underwent repair surgery in July 2008. The Veteran contends that his abdominal aortic aneurysm is secondary to his service-connected coronary artery disease. At the Veteran's May 2021 hearing, the Veteran's representative referenced medical research suggesting there may be a connection between heart disease as the development of an aneurism. As such, on remand, the Veteran should be provided with an examination in order to obtain an opinion as to whether the Veteran's abdominal aortic aneurysm is at least as likely as not caused by or aggravated by his service-connected disability.

The Board adds that at the May 2021 hearing, the Veteran's representative indicated that research from the Mayo Clinic was going to be submitted for Board review. To date, no additional evidence has been associated with the file since the May 2021 hearing. On remand, the Veteran and his representative should be asked to re-submit the medical research referenced at the hearing.

The matters are REMANDED for the following action:

1. Obtain any outstanding VA treatment records and associate them with the claims file.

2. Give the Veteran an additional opportunity to submit, or authorize VA to obtain on his behalf, any records of private treatment for his right shoulder, low back, and abdominal aortic aneurysm that are not already associated with the claims file. All efforts to obtain these records should be fully documented.

3. Request that the Veteran or his representative re-submit the medical research from the Mayo Clinic referenced at the May 2021 hearing. 

4. Obtain medical opinions from a clinician other than the November 2015 examiner addressing the etiology of the Veteran's spine and right shoulder disabilities. The entire claims file must be made available to, and reviewed by the clinician. 

Following review of the entire record, to include the May 2021 hearing transcript, the reviewing clinician should address the following:

a) Is it at least as likely as not (approximately 50 percent probability) that the Veteran's right shoulder disability had onset in or is otherwise related to his period of active duty service? In providing a response, please consider the Veteran's in-service treatment for bursitis, his reports of ongoing pain and his assertion that overuse during 20 years of active duty service in performance of his duties contributed to the development of his current disability. 

b) Is it at least as likely as not (a 50 percent probability or higher) that the Veteran's spine disability had onset in or is otherwise related to his period of active duty service? In providing a response, please consider the Veteran's in-service treatment for low back syndrome, his reports of ongoing pain and his assertion that overuse during 20 years of active duty service in performance of his duties contributed to the development of his current disability. 

All opinions expressed should be accompanied by supporting rationale.

5. Schedule the Veteran for an appropriate examination to determine the current nature and etiology of the Veteran's abdominal aortic aneurysm. The entire claims file must be made available to and reviewed by the examiner. All indicated studies, tests, and evaluations deemed necessary should be performed.

After examining the Veteran and reviewing the claims file, the examiner provide responses to the following questions:

a) Is it at least as likely as not (approximately 50 percent probability) that the Veteran's abdominal aortic aneurysm was caused by his service-connected coronary artery disease?

b) If not, is it at least as likely as not (approximately 50 percent probability) that the Veteran's abdominal aortic aneurysm was aggravated by the Veteran's service-connected coronary artery disease?

All opinions should be supported by a medical explanation or rationale.

6. Then, readjudicate the issues on appeal. 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board L. Fulmer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.